IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, | No. C 07-6082 MJJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| WESTERN UNION FINANCIAL SERVICES, INC., et al., | |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Western Union financial Services, Inc., First Data Corporation, and "1800-325-6000."

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that defendants, two financial services companies, charge "price

G:\PRO-SE\MJJ\CR.07\riches40.dsm.wpd

gouging fees," that half of defendants' employees are "child molesters" who use customers' credit card numbers at "gay porn sites," and that defendants "exchange credit cards with Iranian terrorists." Plaintiff also alleges that defendants are committing a "super fraud." He claims that because of defendants' "lapse security," plaintiff's Sixth Amendment rights are being violated. Plaintiff has failed to explain how defendants' alleged actions have harmed him or violated his constitutional rights. Even if plaintiff could make such an explanation in an amended complaint, however, his claims would still not be cognizable because defendants are private entities, and not state actors. A private individual or organization does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). As plaintiff's claims are against private organizations for their alleged private actions, he has failed to state a cognizable claim for relief under § 1983.

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:   12/17/07

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches40.dsm.wpd            2